IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth, ) | C/A No. 7:16-347-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Barry Barnette, *Solicitor Director*; Anthony C. ) | |
| Leibert, *Assistant Solicitor*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Keith Adger Smyth, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Factual and Procedural Background**

Petitioner filed this civil complaint on February 3, 2016 against two solicitors. (ECF No. 1). In the Complaint, Plaintiff alleges that in 2012 he was found not competent to stand trial. (Id. at 4.) However, subsequent evaluations found that he was competent to stand trial, and he was ultimately convicted. (Id.) Plaintiff alleges the solicitors were the reason for his many competency evaluations and that this was a violation of the law. (Id.) Because of these violations, Plaintiff seeks to have his charges dropped. (Id.)

**II.     Discussion**

      **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Plaintiff alleges the defendants committed unspecified violations of law or rules that resulted in Plaintiff's conviction. Therefore, the court construes his claim as a civil rights action under 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged



violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges the defendants violated the law in regard to Plaintiff's competency evaluations. (ECF No. 1 at 4.) Plaintiff asks to have his charges dropped based on these alleged violations. (Id. at 5.) For the reasons stated herein, the court recommends the Complaint be summarily dismissed.

First, the named defendants are entitled to prosecutorial immunity in this § 1983 action. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) ("Solicitors are immune from §1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.' "); see also Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (explaining "the Imbler Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute' "). Here, the defendants' request for competency evaluations was a prosecutorial function because it was a prerequisite to Plaintiff standing trial; thus, the activity was "intimately associated with the judicial phase of the criminal process." See Wolf v. Scobie, 28 F. App'x 545, 548 (7th Cir. 2002) (finding prosecutor was entitled to absolute immunity in a § 1983 claim for moving for a competency evaluation for the plaintiff and deferring prosecution). Therefore, the defendants are immune from a § 1983 suit.

Second, Plaintiff's requested relief—that his charges be dismissed or conviction overturned—is not available in a § 1983 action.[2] See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (providing habeas corpus is the appropriate remedy where prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's

---

[2] Because Plaintiff has already been convicted, the court construes his requested relief as seeking a reversal of his convictions.

Page 4 of 7



custody") (original emphasis); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Plaintiff seeks to have his conviction reversed based on the manner in which he was prosecuted, he is challenging the lawfulness of the state's custody and seeking his release. Therefore, a habeas action is the only appropriate vehicle of relief for Plaintiff's claim.

Third, Plaintiff has failed to allege facts that plausibly state a claim under § 1983. See Iqbal, 556 U.S. at 677-78. His complaint of some unspecified but illegal or rule-breaking conduct by the defendants when they requested or ordered competency evaluations does not sufficiently invoke a constitutional right that would give rise to a § 1983 claim. See West, 487 U.S. at 48.

Accordingly, Plaintiff has failed to state a cognizable § 1983 claim and, even if he had, the named defendants are immune from suit in such an action.[3]

---

[3] The court may take judicial notice of Plaintiff's court records. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may "properly take judicial notice of matters of public record"); Gasner v. Cty. of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents). Accordingly, it is noted that Plaintiff's state PCR action is currently pending in Spartanburg County. See 2015-CP-42-3427. Therefore, to the extent Plaintiff is asking for habeas relief (as he requests his convictions be overturned), Plaintiff has not yet exhausted his state remedies and a habeas action would be premature.



**III.     Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance of service of process.

February 22, 2016  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached  
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).