UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Keith Adger Smyth, ) | C/A No. 7:16-cv-00347-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Barry Barnette, *Solicitor Director*; ) | |
| Anthony C. Leibert, *Assistant Solicitor*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff's complaint, filed *pro se* on February 3, 2016, alleges that the defendant solicitors violated the law with regard to Plaintiff's competency evaluations which were conducted during criminal proceedings in state court.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Paige J. Gossett filed February 22, 2016. Based on her review of the record, the Magistrate Judge construed the complaint as having been brought under 42 U.S.C. § 1983 and concluded that the case should be dismissed *without prejudice* and without requiring the defendants to file a return based upon prosecutorial immunity. The Magistrate Judge further found that Plaintiff's requested relief that his conviction be overturned is not available in a Section 1983 action. She also observed by way of footnote that, to the extent Plaintiff requests habeas corpus relief, such a request would be premature in that he has not exhausted his state court remedies.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court.

1

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. *See* 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

On March 3, 2016, the plaintiff filed a document entitled "R and R". (ECF No. 10) The Court finds that this filing by the petitioner does not constitute proper objections to the Report and

Recommendation. His document fails to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the petitioner's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1]

After carefully reviewing the Report, documents filed by the plaintiff, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules all objections. Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

April 25, 2016                                                          s/R. Bryan Harwell
                                                                        R. Bryan Harwell
                                                                        United States District Judge

---

[1] Rule 72(b) states:

Within fourteen days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge must determine de novo any part of **the magistrate judge's disposition that has been properly objected to.**

Fed. R. Civ. P. 72(b) (emphasis added).